1  Michael F. Ram (SBN 104805)
   mram@robinskaplan.com
2  Marie N. Appel (SBN 187483)
   mappel@robinskaplan.com
3  ROBINS KAPLAN LLP
   2440 W El Camino Real, Suite 100
4  Mountain View, CA  94040
   Telephone: (650) 784-4040
5
6  Jeffrey B. Cereghino (SBN 099480)
   jbc@cereghinolaw.com
7  CEREGHINO LAW GROUP
   101 Montgomery Street, Suite 1800
8  San Francisco, California  94104
   Telephone: (415) 433-4949
9
10 Charles J. LaDuca (*Pro Hac Vice to be submitted*)
   charles@cuneolaw.com
11 Brendan Thompson (*Pro Hac Vice to be submitted*)
   brendant@cuneolaw.com
12 CUNEO GILBERT & LaDUCA, LLP
   4725 Wisconsin Avenue, NW, Suite 200
13 Washington, DC 20016
   Telephone:  (202) 789-3960
14
15 Samuel J. Strauss (*Pro Hac Vice to be submitted*)
   sam@turkestrauss.com
16 TURKE STRAUSS, LLP
   936 N 34th Street, Suite 300
17 Seattle, WA 98103
   Telephone: (608) 237-1775

18                    UNITED STATES DISTRICT COURT

19                 FOR THE SOUTHERN DISTRICT OF CALIFORNIA

20

21 WILLIAM KLAEHN, on behalf of himself
   and all others similarly situated,          No.  **'19 CV 1498 LAB  KSC**

22                          Plaintiff,          **CLASS ACTION COMPLAINT**

23                v.                            CLASS ACTION

24 CALI BAMBOO, LLC, a California Limited       JURY TRIAL DEMAND
   Liability Company; and DOES 1 through 200,
25 inclusive,

26                          Defendants.

27

CLASS ACTION COMPLAINT                                                    1

Plaintiff, WILLIAM KLAEHN, files this class action complaint against Defendant Cali Bamboo, LLC.  On personal knowledge of his own circumstances and upon investigation and information and belief of his counsel, Plaintiff avers:

## INTRODUCTION

1.    Defendant develops, manufactures, advertises, sells, and distributes strand bamboo flooring under the brand name Cali Bamboo (the "Product") throughout the United States for installation in homes and other structures.

2.    Defendant represents through its marketing that the Product is durable, meets industry standards and has a fifty (50) year warranty for consumer use.  Defendant provided a reasonable expectation to consumers and the industry that the Product would have a usable lifetime of at least fifty (50) years.

3.    Contrary to Defendant's advertising and representations, the Product is subject to premature cracking, splitting, warping, and shrinking, all well before the warranted useful life, because of an inability to withstand foreseeable ambient moisture (the "Defect"). Defendant had knowledge of the Defect but never disclosed any information about the Defect in its marketing, representations or warranty.

4.    The Product's modes of failure potentially cause damage to other building components.

5.    Plaintiffs bring this action to seek redress for damages caused by Defendant's wrongful conduct.

## JURISDICTION

6.    This Court has jurisdiction over this case under 28 U.S.C. 1332(d)(2) in that: (1) this action is a class action with more than one hundred (100) Class Members; (2) Defendant Cali Bamboo is a California limited liability company, based in the State of California, and is a citizen of the State of California; (3) Plaintiff and all Class Members are United States citizens and Plaintiff and many  class members are citizens of states other than California; and (4) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

1  **VENUE**

2      7.     Venue in this Court is proper: (1) pursuant to 28 U.S.C. 1391(a)(1) in that

3  Defendant's headquarters are located in this  District, and does sufficient business in this

4  District to subject it to personal jurisdiction; and (2) pursuant to 28 U.S.C. 1391(a)(2) in that

5  substantial part of the events or omissions giving rise to the claim occurred in this District.

6  **PARTIES**

7      8.     Plaintiff William Klaehn ("Plaintiff Klaehn") is an Ohio citizen and owns a

8  residential property located at 410 Hayes Avenue, Fremont, Ohio.

9      9.     Defendant Cali Bamboo, LLC is a California limited liability company with its

10  principal place of business in San Diego, California.  Plaintiff is informed and believes that

11  Defendant conducts business within the United States, and more specifically within the state of

12  California.  Also on information and belief, Plaintiff alleges that Defendant was responsible for,

13  or otherwise involved in, the development, manufacture, marketing, sales, warranting and

14  distribution of the Product.

15      10.    Defendant Cali Bamboo, LLC markets and distributes the Product via third party

16  retailers, such as Great American Flooring and Lowes Home Improvement Store.

17      11.    Plaintiff is ignorant of the true names and capacities of Defendants sued as Does

18  1 through 100, inclusive, ("Doe Defendants") and therefore sues these Doe Defendants by

19  fictitious names.  Plaintiff will amend this Complaint to allege the true names and capacities of

20  these fictitiously named Doe Defendants when they are ascertained.  Each of the fictitiously

21  named Doe Defendants is responsible for the conduct alleged in this Complaint and Plaintiff's

22  damages were actually and proximately caused by the conduct of the fictitiously named Doe

23  Defendants.

24      12.    Plaintiff is informed and believes, and on that basis alleges, that each of these

25  Doe Defendants was the agent, joint venture, and/or employee of Defendant and/or the Doe

26  Defendants, and in doing the things alleged, were acting within the course and scope of the

27  agency, joint venture, and employment with the advance knowledge, acquiescence, or

1  subsequent ratification of Defendant and each and every other Doe Defendant.

2  ## FACTUAL ALLEGATIONS

3      13.    Plaintiff William Klaehn is an Ohio resident and owns a residential property

4  located at 410 Hayes Avenue, Fremont, Ohio.

5      14.    Plaintiff Klaehn and his wife were shopping for a new floor for their residence

6  and visited their local Lowe's.  One of the flooring products Lowe's sold was Cali Bamboo.

7  Plaintiff Klaehn saw Lowe's Cali Bamboo display which, echoing Cali Bamboo's advertising,

8  represented that the Cali Bamboo flooring was the "World's Hardest Floors™," "Pet-Friendly,"

9  scratch resistant, "High Heel Resistant," long-lasting, durable and guaranteed to last 50 years.

10  The display did not disclose that the Product is subject to premature cracking, splitting,

11  warping, and shrinking, all well before the warranted useful life, because of an inability to

12  withstand foreseeable ambient moisture (the "Defect").

13      15.    In reliance on the material omission to disclose the Defect, Plaintiff purchased

14  Cali Bamboo Bordeaux at Lowe's in Fremont, Ohio in approximately April 2018.  The Cali

15  Bamboo Bordeaux Fossilized Flooring is part of a similarly manufactured line of floating, non-

16  engineered solid bamboo flooring, hereinafter referred to as the "Product."  Plaintiff Klaehn

17  purchased approximately $2,000 of the Product.  He also purchased the recommended Pergo

18  Gold's underlayment for approximately $700.  The Product employs a click installation system

19  and is solid strand bamboo and not a flooring product that utilizes a layer of bamboo overtop a

20  different substrate material.

21      16.    In December 2018, Plaintiff Klaehn noticed that his floors were cracked

22  throughout.  The floors also showed some scratches.

23      17.    Mr. Klaehn contacted Lowe's who was advised by Cali Bamboo that because he

24  used glue during the installation process (albeit at Cali Bamboo's direction) his warranty is

25  void and there is nothing they can do.  Cali Bamboo did offer to provide some t-moldings to

26  assist with repairing some of the gaps, and to have an inspection at a cost of approximately

27  $300 ($500 less a $200 credit towards the inspection) and, if the inspector determined the

1  problem was due to a manufacturing defect, Defendant would provide a refund.  Mr. Klaehn

2  did not proceed with the inspection.

3         18.     The Product continues to manifest defects to the present day.

4         19.     Plaintiff placed Defendant on notice of these defects via a Consumers Legal

5  Remedies Act notice (Cal. Civil Code §1782), attached as Exhibit A hereto.  Once 30 days

6  have elapsed, Plaintiff will amend this complaint to include a request for damages.

7  **B.     Defendant's Representations, Warranties and Omissions**

8         20.     Plaintiff is informed and believes that Defendant has been manufacturing and

9  selling the Product since approximately 2008.[1]  Defendant has sold the Product to thousands of

10 customers throughout the United States, including California.  The Product was and is

11 marketed and sold for use in homes and other structures.

12        21.     Defendant concealed from and/or failed to disclose to Plaintiff and Class

13 Members the defective nature of the Product.  Plaintiff is informed and believes that Defendant

14 used a variety of methods to communicate representations about the durability and quality of

15 the Product and about its warranty to the general public and contractors in the flooring

16 installation business.  These affirmative statements created a duty to disclose the Defect.

17        22.     Defendant's representations were published on Defendant's web site, Internet

18 sites such as YouTube, social media sites such as Face Book, Twitter and Pinterest, and at

19 trade, building, and home shows typically open to the general public and contractors who

20 service ultimate consumers of the Product, and at retail stores that sell Defendant's Product.

21 Defendant communicated common and repeated themes regarding the Product:

22             a.     The Product was so strong, hard and durable, it would last a lifetime and

23             was guaranteed to last 50 years.[2]

24 \\\

25 \\\

26

27 _____
[1] https://www.calibamboo.com/our-story/ (July 19, 2019)
[2] https://www.calibamboo.com (July 19, 2019).



b.      Transform your home or business with the World's Hardest Floors™. Not all bamboo flooring is created equal. Cali Bamboo flooring undergoes our proprietary Fossilized® manufacturing process that makes it twice the density of any other hardwood floor in the world, backed by a 50-year warranty.

Preferred by contractors, builders, and DIY homeowners, Cali Bamboo is ultra-low VOC with no added urea formaldehyde, the perfect union of sustainability and durability to last a lifetime.[3]



c.      Bamboo's unique structural properties give it a higher tensile strength

than any traditional hardwood and even many alloys of steel.[4]

d.      Thanks to its unique composition, bamboo is naturally designed for strength...
- Unlike wood, bamboo has no rays or knots, allowing it to withstand more stress throughout the length of each stalk.
- Bamboo's sectional anatomy, both as a cane and on a microscopic fiber level, enhances its structural integrity.
- The high silica content in bamboo fibers make the material difficult for termites to digest.

---

[3] https://www.calibamboo.com/bamboo-flooring.html (July 18, 2019).
[4] https://www.calibamboo.com/ (July 19, 2019).

- Bamboo contains different chemical extractives than hardwood, which make it better suited for gluing. [5]

**Strength and Durability**

Thanks to its unique composition, bamboo is naturally designed for strength...

- Unlike wood, bamboo has no rays or knots, allowing it to withstand more stress throughout the length of each stalk.
- Bamboo's sectional anatomy, both as a cane and on a microscopic fiber level, enhances its structural integrity.
- The high silica content in bamboo fibers make the material difficult for termites to digest.
- Bamboo contains different chemical extractives than hardwood, which make it better suited for gluing.

# Bordeaux
## Bamboo Flooring

★★★★★  5.0 (2)   Write a review   Ask a question

## The World's Hardest Floors™

- Chart-topping Janka Rating
- 50-year residential warranty
- 10-coat scratch resistant finish
- Ultra-low VOC; no added urea formaldehyde



23.     Defendant represents prominently in its web site and marketing materials that the product will "Last a Lifetime" and provides a 50 year residential warranty that the Product "will not delaminate for a period beginning on the Purchase Date and ending on the earlier of (a) 50 years from the Purchase Date under normal traffic and usage conditions, and (b) the date on which the building in which the [Product] is installed is sold by the Original Owner."[6] Defendant never disclosed the Defect.

---

[5] https://www.calibamboo.com/bamboo-facts/ (July 19, 2019)
[6] https://www.calibamboo.com/flooring-warranty/ (July 19, 2019); *see, e.g.,* https://www.calibamboo.com/product-bordeaux-hand-scraped-bamboo-flooring-7006005301.html.

24.     Defendant warrants that "[u]nder normal traffic and usage conditions, the surface finish will not wear through for a period beginning on the Purchase Date and ending on the earlier of (a) 50 years from the Purchase Date, and (b) the date on which the building in which the [Product] is installed is sold by the Original Owner."[7]

25.     Defendant's advertisements, representations and warranties were deceptive and failed to disclose that the Product would buckle, warp, separate and scratch (the "Defect"). Because of the Defect, the Product, in fact, is not durable as flooring and is worth significantly less than its sale price.  Defendant's failure to disclose the Defect to consumers resulted in members of the Class purchasing the Product with the expectation that the Product would have the advertised qualities and function as represented during the warranty periods and beyond.

26.     Defendant's failures to disclose the Defect were substantially uniform as to the material Product qualities throughout the class period and regardless of the third party retail vendor.

27.     Plaintiff and members of the Class reasonably relied to their detriment on Defendant's material omission concerning the durability of the Product and Defendant had knowledge of this reliance.

28.     Defendant concealed from and/or failed to disclose to Plaintiff and Class Members the defective nature of the Product.

29.     Defendant knew that the strength of the Product is a misleading indicator of whether it can withstand wear and tear better than other hardwood flooring products.

30.     Defendant knew that it did not manufacture the Product in such a way as to last longer than other hardwood flooring products.

31.     By focusing on the strength of the Product and failing to disclose the other factors that cause the defects experienced by Plaintiff and Class Members, Defendant intended to mislead consumers into believing its representations that the Product "stands the test of time" with a "surface finish that will not wear."  These statements were and are false and misleading

---

[7] *Id.*

1  because Defendant deliberately failed to disclose that factors other than hardness will result in

2  the Product being easily scratched, dented or separate.

3        32.    Defendant continues to advertise and sell the Product for use in homes and other

4  structures, but fails to disclose to Plaintiff and Class Members, their agents, or contractors

5  material facts concerning the Product, including, but not limited to, concealing that the Product

6  was defectively formulated, was and is susceptible to warping, splitting, shrinking, and

7  splintering, does not otherwise perform as represented, and fails far in advance of its purported

8  fifty year warranted life.  All of these facts are material to a reasonable consumer.  The Product

9  did not perform in accordance with the reasonable expectations of Plaintiff and Class Members

10  in that it was not durable and suitable for use as a flooring system in their homes and other

11  structures.

12        33.    Because of Defendant's misconduct, Plaintiff and Class Members have suffered

13  actual damages in that the flooring in their homes and other structures has prematurely failed

14  and will continue to do so, potentially damaging other building elements, causing continuous

15  and progressive damage to property, and requiring Plaintiff and Class Members to expend

16  thousands of dollars to repair or replace the flooring long before the expiration of the useful life

17  of the Product as represented by Defendant.

18        34.    Because of the relatively small size of the typical damages, and the modest

19  resources of most homeowners and of the individual Class Members, it is unlikely that most

20  Class Members could afford to seek recovery against Defendant on their own.  A class action is

21  therefore the only viable, economical, and rational means for Class Members to recover from

22  Defendant for the damages they have caused.

23  **C.    Defendant's Knowledge of and Notice that its Flooring was Defective**

24        35.    Defendant is well aware of the problems related to the cracking, splitting,

25  warping, cupping, scratching, and denting of the Product.  It has received warranty claims and

26  complaints from customers (like those submitted by the Plaintiff).  In addition, complaints

27  posted on websites such as the Better Business Bureau page put the Defendant on notice

concerning the defective nature of the Product.   Indeed, Defendant responded to numerous

complaints online but never acknowledged the Defect.

36.     The following constitutes a sampling of complaints concerning consumers'

experiences with the Product posted on the internet (sic throughout):

a.   03/24/2018:  This complain is regarding a special order of Cali
Bamboo floor placed thru retailer ***** on Oct. 14.2017 in the amount of
$6262.88. store number 2570 new hudson Mi . location . The gapping
issue became evident two weeks or so after installing the Bamboo floor in
our home , proper manufacturer and ***** installlation guidelines were
followed. The problem we are having with this floating bamboo floor is:
in certain area of the home the bamboo wood planks are gapping (some
areas more than 1") and splitting and buckling , coming apart to the point
it is not safe in our home with our small children. They stubb and hurt
their toes daily on this product. In December we contacted ***** about
the issue we are having and no one addresed it. In January we attempted to
contact them again with no response to our voicemails.we hit a brick wall
with the store so we contacted CEO executive support and also contacted
Cali Bamboo manufacturer. ***** at Cali claimed it to be heavy furniture
placed on the floor and caused the gapping and splitting issues ( the
furniture we have in our home is normal furniture one owns, table, chairs
and sofas) ,Offered to send me a box of flooring to replace the ones that
are defective. We chose not to accept it due to the cost of labor . we spent
over $6000 on this floor plus labor for installation and we have a floor
that's looks awful and defective.We are seeking full reimbursement for
material and labor or want the floor properly fixed by Cali. At this point
we are so fed up with this product not holding up to the promised quality.
cali doesn't stand behind their product which carries a 20 year warranty.
This company needs to be held accountable for their defective product and
quality control issues, there are many other similar complains thru out the
country.Please take the proper measures to solve this matter .Thank you.[8]

b.   3/12/2018:  I ordered 1400 square feet of Cali Bamboo Florida for my
new construction home in Daytona Beach. While the floor looked
beautiful when first installed, within months the floor started buckling. My
builder had left the recommended 3/8 minimum clearance under
baseboards. He has since had to come back 3 times removing baseboard
and trim to try to resolve the issue. This flooring should not be sold in
Florida due to the humidity but I was not made aware of this when
purchasing. As such, I am left with having to run the AC or heat
continuously to keep the humidity levels down. Have damp rid products

---

[8] https://www.bbb.org/us/ca/san-diego/profile/building-materials/cali-bamboo-llc-1126-30003959/complaints (last visited Apr. 26, 2019)

CLASS ACTION COMPLAINT                                                          10

all over my home and in addition cannot open windows or doors other than to quickly go in and out of the house. At the moment following the work my builder did, running the AC (colder than I would prefer) and using the damp rid, the floor is now mostly flat. However, this takes away from the enjoyment of my home and does not permit me to truly enjoy Florida living. Of note as well, my flloors were streaking very badly with my using BONA as recommended. I called the company and a very young man answered my call. Despite all the laughing and carrying on I was able to hear quite clearly in the background, the young man turned and asked his colleague for a recommendation and he said to dilute the BONA. This does not work either. For the past several months, I continue to do the floor with a very slightly damp microfiber cloth and the BONA continues to slowly come up though still streaking. This product should not be sold in high humidity areas of the country. I would never have bought this product if I had been made aware of the strict humidity level concerns. (I also see by other reviews that this is a known problem based on the negative reviews. Your product has taken the joy out of my new home and as I live on ,y military pension and social security, I am not in a position to tear out the product and replace it with something suitable. Nor should I have to[9]

c.    10/16/2017:  Had bamboo flooring installed 5/2017, I contacted ******* ****** 7/11/17 to inform of dark spots on the flooring. In the meantime I have emailed and spoken with ******* **** 8/8/17, then ******* ****** since 8/11/17. On 8/11/17 ** ****** emailed requesting to fill out a claim form and provide a flooring purchase receipt from *****. Photos were resent to him on 8/20/17 showing the spots on the flooring, claim form requested from Cali was also submitted along with receipt purchase from Lowe's. On 9/5/17 I emailed ** ****** for an update. On 9/6/17 ** ****** replied he was awaiting quots, and to expect a call to schedule the inspection. On 9/8/17 ** ****** emailed that an inspector, *** *****, would be hired "early next week" and would be in contact to schedule the inspection. On 9/25/17 I emailed ** ****** stating I have had no contact with *** *****. On 9/26/17 I received a reply from ** ****** that he would "follow up with him shortly". On 10/2/17 I emailed ** ****** requesting an "update". On 10/6/17 I received an email from ** ****** stating "*** has stated he will contact you asap. I am unsure why it took so long...". On 10/12/17 I emailed ** ****** that I have not had any response and requested from him to forward the supervisor's contact information at Cali. I have yet to have a response from ******* ******, I called 10/16/17 his contact number provided in his emails and received his voicemail, my contact information was left and have yet to receive a response. I contacted the Cali Customer Service and left a message for a supervisor to return my call, have had no response. I am not able to clean my floors because I have had conflicting information

---

[9] *Id.*

from Cali customer service about cleaning products to use on my flooring. I want these floors evaluated by an inspector, not *** ***** due to lack of communication and replaced if they are indeed damaged. Cali will not even send someone to evaluate these floors.[10]

d.    9/7/2016: There are scratches and 3 decent size chips in our flooring. Customer service is putting the blame on us saying we must have moved something heavy over the flooring. We installed the flooring ourselves and promised the rep that we did not move anything heavy over it. We actually have not even put our furniture back onto the flooring because we didn't want them accusing us of causing the scratches. The scratches and chips are all over the place and can't be replaced with just taking a couple boards out. We just installed it and it already looks like it's been walked on for months. I bought this product because it was supposed to be the hardest flooring out there and it would withstand a 150 pound dog, high heels, etc...it obviously can not.[11]

e.    7/19/2016: Cali Bamboo Residential flooring has a 50-year warranty. I have a tri-level house, and purchased flooring 2 years ago for one level. I purchased extra overlap stair nosings and treads at the same time in anticipation of purchasing more flooring for the lower level (cost too much to buy all at once!). I have now reluctantly purchased flooring for the lower level, even after I notice significant shrinking and ease of scratching on the first flooring installed. I just wanted it all to match. Now, I go to open the boxes that the previously ordered nosings and treads were shipped in (they have been stored in a spare, unused, air conditioned room). These nosings and treads are literally coming unglued, are cracking, and have so many factory faults I cannot use them. At first I thought I would take my loss, and I ordered more nosings. These all came with cracks and defects. None can be used!!! Luckily, the last batch was bought at *****, and not directly through the factory. I am sure ***** will refund me for these. However, I am out hundreds of dollars for the first nosings and treads I ordered, and Cali Bamboo is not willing to refund me for those. Even if I had installed them upon purchase, if they are falling apart after 2 years then they should be under warranty.[12]

f.    6/13/2017: Stay away from Cali Bamboo. I had lowes install in my kitchen and after splintering, shifting and movement after 3 days, Lowes admitted it was a defective floor and is going to replace my entire kitchen now. They sent an independent floor guy to inspect and indeed not only is the floor defective but the installation was incorrect. Stay far far far away from Cali Bamboo and I agree....stay away from Lowes. Use your local

---

[10] *Id.*
[11] *Id.*
[12] *Id.*

independent supplier for quality products[13]

g.   3/9/2018:  DO NOT BUY Cali Bamboo, no matter what you do , no matter what the problem its the installer/homeowners fault. This stuff scratches easier than my car paint. This stuff is total junk, once it gets scratched its there for life. They say that it can be repaired but that just leaves dull stained patches, like repairing a scratch on your car with FLAT paint. Save yourself the heartache. The only part of the product that is true is that it is hard, but so is my concrete, but at least the concrete can be repaired. The product is hard but the surface is very , very, very soft. The only thing I can say about the positive reviews is that they must be employees that don't really have it. The fact that its shipped with a thick foam padding between each board. DO NOT BUY THIS CRAP.[14]

h.   We were enamored with the descriptions of Cali Bamboo Flooring, the different selections, the widths and the hardness of the product. We installed it paying close attention to their recommendations for acclimation to the environment and literally let the product sit in our house in a latticed stacked position for 3 – 4 months. We installed following directions precisely, leaving minimal 1/2″ space all around at walls, doors, etc. We have had nothing but ongoing bulging; areas raised as much as 1 – 1 1/2 inches. We had to remove baseboard throughout the entire install area, pry the edge boards out as they had expanded under the drywall, re-cut the edge boards 1/2″ back from the wall, put baseboard back and 2 months later have encountered the same problems. Also, the floor scratches easily, plus we have footprints (and not from dirty shoes) that are difficult to get out, even with the recommended product Cali promotes. Our opinion of this product is — I would never ever use bamboo flooring again unless it was glued or nailed down. But we can't do that as we have a radiant floor heat system. We were assured this was an acceptable product to use. The local salesman who sold it to us (and the Cali customer service rep we spoke with) said it's a great product and would work well in our climate. We are in the mountains of North Carolina and our humidity runs 40 – 65%. My recommendation is there are other and better products to be had for less money![15]

i.   2/9/2011:  Calli is a disreputable company that uses a hard sell to suck you in and doesn't stand behind their products after the sale. LISTEN TO THE WARNINGS! I should have. This is a direct quote from their customer service rep: "If we had to honor all our customer complaints, we'd go out of business." !!! My local supplier (Eco-Friendly Flooring, Madison, Wisconsin) said, "If any customer was that unhappy with my

---

[13] https://www.houzz.com/discussions/3097451/has-anyone-used-solid-bamboo-floor-sold-at-lowes (last visited 4/26/2019)
[14] *Id.*
[15] *Id.*

CLASS ACTION COMPLAINT                                                          13

product and was willing to pay the shipping to return it, I'd give them a full refund. " And Yanchi from Build Direct - is so confident of their product they will give a full refund if returned in 30 days AND they'll pay the shipping. Wish I'd known how little confidence Calli has in their product before I gave them my money. My story: I really wanted a floating floor so I could use a 6mm cork acoustic layer under. I also wanted a solid hardwood and liked the look and feel of strand-woven bamboo. My local supplier, Eco-Friendly Flooring, is trustworthy & has years of rave reviews from local residential & business customers. But she was out of their solid, click-lock, floating floors & I was just so stuck on the idea. So I bought Calli's - letting myself be sucked in by their hard sell. The stuff comes and is basically standard, tongue&groove boards - slightly thicker, but in no way "engineered to be floating floors." The boards have the slight warping typical of hardwoods. So when glued together, there'd be significant cracks. That's when I got into a back & forth with the service rep who said "all sales are final" and "If we had to honor all our customer complaints, we'd go out of business." My contractor called in a friend of his, a flooring expert with more experience using bamboo, who said he'd go ahead with the glued floating floor. So I did it. It looked great at first - despite many cracks due to the warping, but no more than one would get with any nailed down hardwood floor (where such cracks are the norm). The problem is that the installation didn't hold up. The glue bonds simply could not hold. The warping in the boards made a good glue bond along the length and ends of each impossible to achieve. Some boards rock from side-to-side as if they were floating in an ocean of molasses. Others have ends that press down. The whole thing is a royal mess. Maybe these boards can be floated in small spaces over a super subfloor with no underlayment, but they CAN NOT be used as Calli sold them to me to be used. Calli even sold me the underlayment - and certainly knew the area of floor I was covering, AND I talked to them at length about all that plus our climate issues (very dry winters & humid summers). "They are made for that kind of installation" "I have the exact same thing in my condo" "Our bamboo have been used in your region many times" and on and on went their sell. So they knew exactly what they were selling me. DON"T LET YOURSELF BE SUCKED IN. Go with a supplier that takes returns. That is a supplier that trusts their product. Calli has no faith in their stuff so why should you?[16]

j.    3/11/2018:  Oh man! I went through Lowe's and ordered Cali Bamboo click lock flooring and had it installed by Lowe's subcontracted installer 1.5 years ago. A few months after the installation I had to have 5 planks replaced as they cracked. I decided to go ahead and order and have installed more of the flooring in our living room. I went through Lowe's again. Right before the new wood was to be installed, I noticed a 17 foot

---

[16] https://www.complaintsboard.com/complaints/calibamboo-san-diego-california-c364073.html (last visited Apr. 26, 2019).

1/3 " gap in the area that was previously installed. I showed this to the installer and and he freaked out and refused to install the new flooring in the living room. I spoke with Lowe's installation and told them the story. The tried to force the installer to install it but there was no way they were going to do it. So, I had to carry all of the boards to my garage, requiring 36 separate trips up and down our main stairs. Lowe's would not do this for me. I have spent the past 3 months trying to get something done about the gap in the original installation. Lowe's is no help whatsoever as they are trying to blame Cali Bamboo. Cali Bamboo is trying to blame the installer. They now say they have to have an inspector come out and take a look at the floor. I have a whole series of emails from them saying the problem is an "easy fix" and that we will not have to pay for it. I am so tired of their lies, lack of attention, slowness, and poor customer service. I have spent almost $9, 000 on the flooring thus far and am very dissatisfied, to say the least. I did my homework 1.5 years ago before choosing Lowe's and Cali Bamboo. Today, when I Googled Cali Bamboo a lot more negative information popped up. Today I contacted Lowe's corporate office and filed a complaint and am going to try to call Cali Bamboo corporate headquarters and speak to a CEO (if I can get so lucky). I am going to contact an attorney if nothing moves forward with this claim. My advice - DO NOT BUY CALI BAMBOO AND, WORSE YET, DO NOT PURCHASE IT FROM LOWE'S AND HAVE IT INSTALLED BY THEM.[17]

k.    7/26/2018:  I am going through the same thing with Cali Bamboo. We have had the flooring for almost 2 years and have had nothing but problems. When the flooring first started gapping, they said it was installed wrong, that we needed T-Mold spacers (which btw were like having speed bumps throughout our house). They sent us more wood and the T-Molds, told us to follow the gap instructions, and have it re-installed. We did everything they said to do. The addition of the T-mold spacers destroyed the aesthetic quality of the floors.
2 months later, the same things began to happen. Large gaps in the floor throughout the house. This time we hired a new contractor who re-installed the entire floor for a third time, this time without the T-Molds since they obviously had no impact on the problem and were a tripping hazard for our elderly parents. Within a few months, the gapping began again.
I called Cali again and filed another complaint. We are at the point of waiting for one of their inspectors to come to the house. We have another 2 weeks to go until they arrive, and now our flooring is buckling from swelling in multiple areas. Some of the wood is actually snapping from the pressure.
If you have written to the Attorney General, can you share their response

---

[17] *Id.*

and/or their contact information. I would like to do the same.[18]

## CLASS ACTION ALLEGATIONS

37.     Plaintiff brings this action as a class action pursuant to Rule 23(b)(2) and Rule 23(b)(3) of the Federal Rules of Civil Procedure on behalf of himself and the class.  This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements as set forth in Rule 23(a) and Rule 23(b)(3).

38.     Plaintiff advances this action on behalf of the following Class:

> All individuals in the United States of America who purchased, for personal, family, or household use, Cali Bamboo solid bamboo flooring manufactured by Cali Bamboo and sold by Lowes from January 1, 2012 to present, and all individuals in the United States of America who purchased for personal, family, or household use Cali Bamboo directly from Cali Bamboo between January 1, 2012 and December 31, 2016. Excluded from the Class are Defendants, their legal representatives, assigns and successors and any entity in which Defendants have a controlling interest.  Also excluded is the judge to whom this case is assigned and any member of the judge's immediate family and judicial staff.  Claims for personal injury are specifically excluded from the Class.

39.     Numerosity (Rule 23(a)(1)).  Although the actual size of the Class is uncertain, Plaintiff is informed and believes the Class is comprised of many of thousands of property owners, making joinder impractical.  The disposition of the claims of these Class Members in a single class action will provide substantial benefits to all parties and to the Court.

40.     Communality (Rule 23(a)(2)).  There exist questions of law and fact common to all Class Members.  Common questions include, but are not limited to, the following:

a.     Whether the Product is subject to premature failure well in advance of its represented fifty-year useful life;

b.     Whether the Product is not suitable for use as a long-term flooring product;

c.     Whether Defendant knew, or should have known, of the defective nature of the Product before making it available for purchase and use by the

---

[18] *Id.*

Plaintiff and Class Members;

d.      Whether Defendant failed to disclose to Plaintiff and Class Members the defective nature of the Product;

e.      Whether Defendant, through making  statements of material facts regarding the Product's hardness and omitting other material facts regarding the particular susceptibility of the Product to cupping, warping, scratching, denting, and other defects, had a duty to disclose full information regarding the Product's characteristics;

f.      Whether Defendant's failure to disclose material facts violated Business Professions Code Section 17200;

g.      Whether Defendant's failure to inform purchasers that the Product was susceptible to the failures alleged herein was a material omission, the nondisclosure of which was a deceptive sales practice under the consumer protection statutes of applicable state law;

h.      Whether Defendant had a duty to Plaintiff and Class Members to disclose the true nature of the Product;

i.      Whether the facts not disclosed by Defendant to Plaintiff and Class Member are material facts;

j.      Whether Defendant knew, or should have known that the Product would prematurely fail, is not suitable for use as flooring in residences or businesses, and is otherwise is not as represented by Defendant;

k.      Whether Defendant violated California's Consumers Legal Remedies Act (California Civil Code § 1750 *et seq*.), when it failed to disclose the true nature of the Product, and led consumers to believe, through its advertising, warranties, and other express representations that the Product had characteristics that it did not actually have;

l.      Whether, in committing the acts alleged herein, Defendant

1  engaged in unfair competition and in an unfair business practice or practices

2  within the meaning of California Business and Professions Code § 17200;

3      m.    Whether such acts or practices were illegal, unfair, or fraudulent

4  within the meaning of California Business and Professions Code § 17200;

5      n.    Whether Plaintiff and Class Members are entitled to

6  compensatory damages, restitution, and the amounts thereof respectively;

7      o.    Whether Defendant should be declared financially responsible for

8  notifying all Class Members of the defective Product and for the costs and

9  expenses of repair and replacement of all defective flooring materials and

10  providing restitution of monies paid and inadequate value given;

11      p.    Whether Defendant should be ordered to disgorge, for the benefit

12  of Class Members, all or part of their ill-gotten profits received from the sale of

13  defective Product and/or to make full restitution to Plaintiff and Class Members;

14  and

15      q.    Whether Defendant should be enjoined from continuing to

16  market the Product, utilizing an omission of material facts.

17      41.    Typicality (Rule 23(a)(3)).  The claim of the representative Plaintiff is typical of

18  the claims of Class Members, in that the representative Plaintiff, like all Class Members, own a

19  structure in which the defective Product was installed and failed prematurely.  The

20  representative Plaintiff, like all Class Members, has suffered a common injury:  Plaintiff will

21  incur the cost of repairing and/or replacing the defective Product and repairing any resultant

22  consequential damage to other building components.  The factual basis of Defendant's

23  misconduct is common to all Class Members.

24      42.    Adequacy (Rule 23(a)(4)).  Plaintiff will fairly and adequately represent and

25  protect the interests of the Class.  Plaintiff has retained counsel with substantial experience in

26  prosecuting consumer class actions, including actions involving defective building products,

27  failure to disclose material information regarding product performance, and violation of

CLASS ACTION COMPLAINT                                                                    18

consumer protection statutes. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the Class.

43.    Predominance of Common Questions (Rule 23(b)(3)). Common questions of law and fact predominant over any questions involving individualized analysis. Fundamentally, there are no material questions of fact or law that are not common to Class Members. Common issues of fact include that all Class Members purchased the same Product and received the same omission. The performance of the Product relative to its represented qualities is a common question, as is the Defendant's knowledge regarding the Product's performance and Defendant's uniform omission to Class Members of these material facts. Common questions of law include whether Defendant's conduct violates California's consumer protection statutes and other law, and the Class Members' entitlement to damages and remedies.

44.    Superiority (Rule 23(b)(3)). Plaintiff and Class Members have all suffered and will continue to suffer harm and damages because of Defendant's unlawful and wrongful conduct. A class action is superior to other available methods for the fair and efficient adjudication of the subject controversy. Because of the relatively small size of the individual Class Members' claims, most Class Members likely would find the cost of litigating their individual claims to be prohibitive and will have no effective remedy at law. Thus, absent a class action, Class Members will continue to incur damages and Defendant's misconduct will proceed without remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication. There is no impediment to the management of this action because of the virtual identity of the common questions of law and fact to all Class Members.

45.    Injunctive Relief (Rule 23(b)(2)). Defendant has engaged and continues to engage in business practices which are unfair, unlawful, and/or fraudulent in violation of

1   California's Unfair Competition Law (Business & Professions Code §§ 17200 *et seq.*) and the

2   False Advertising Law (Business & Professions Code §§ 17500 *et seq.*).

3       46.     Plaintiff seeks class-wide injunctive relief on grounds consistent with the

4   standards articulated in Rule 23(b)(2) that establish final injunctive relief as an appropriate

5   class-wide remedy, in that Defendant continues to advertise the Product and continues to fail to

6   disclose material facts regarding the Product.

7                    **ESTOPPEL FROM PLEADING THE STATUTE OF LIMITATIONS**

8       47.     Defendant knew or reasonably should have known that the Product was

9   defective before its sale.  Defendant intentionally concealed material truths and disclosed half-

10  truths while at the same time concealing material information that would have corrected

11  consumers' perceptions, concerning the Product from the general public and Class Members,

12  while continuing to falsely represent that the Product is fit for its intended use.

13      48.     Defendant affirmatively represented to the general public the Product carried a

14  fifty-year (50) warranty.  Through these representations, Defendant created a reasonable

15  expectation among ordinary consumers and in the construction trades that the Product would

16  have a useful life of at least fifty (50) years.

17      49.     Defendant's acts of fraudulent concealment also include, but are not limited to,

18  using improper warranty tactics and commissioning sham inspections of Class Members'

19  flooring in response to complaints to mislead consumers as to the cause of the Product's

20  failures and the true nature of the Product defects.

21      50.     Based upon Defendant's misrepresentations and concealment, Defendant is

22  equitably estopped from asserting a statute-of-limitations defense.

23      51.     Alternatively, to the extent Defendant pursued a common policy of diverting

24  warranty claims or other customer complaints about the Product through misleading and

25  erroneous investigation, or delaying tactics that induced Plaintiff or Class Members to not

26  assert their rights in a timely manner, Defendant is equitably estopped from asserting a statute-

27  of-limitations defense.

**FIRST CAUSE OF ACTION**
**(Violation of California Consumers Legal Remedies Act ("CLRA"))**

52.    Plaintiff incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

53.    Defendant and the Doe Defendants are "persons" as defined by California Civil Code §1761(c).

54.    Defendant engaged in unfair competition or unfair or deceptive acts or practices in violation of California Civil Code §1770(a)(5), (a)(7), and (a)(9)when Defendant failed to disclose that factors other than the Product's hardness can lead to the Product easily scratching and denting and manifesting other defects complained of by Plaintiff and Class Members. Defendant further violated the CLRA when Defendant falsely represented that the Product was of a particular standard or quality.

55.    Defendant's deceptive practices were specifically designed to induce Plaintiff and Class Members to purchase the Product.  Defendant engaged in marketing efforts as detailed in the general allegations, to reach Class Members, their agents, and/or third parties on whom they relied to persuade them to purchase and install the Product manufactured by Defendant, or to purchase homes and other structures in which the defective Product manufactured by Defendant has been installed.

56.    To this day, Defendant continues to engage in unlawful practices in violation of the CLRA.  Defendant continues to conceal the defective nature of the Product and has omitted to disclose, on inquiry from Plaintiff and Class Members, the Product's defective propensities.

57.    Plaintiff served Defendant with notice of their violation of the CLRA by serving notice on their President and CEO by certified mail to their San Diego Headquarters, on 6675 Mesa Ridge Road, Suite 100, San Diego, CA 92121.  A copy of the notice is attached to this Complaint as <u>Exhibit A</u>.  Once 30 days have elapsed, Plaintiff will amend this complaint to include a request for damages.

WHEREFORE, Plaintiff on behalf of himself and for all others similarly situated,

demands a permanent injunction be issued against Defendant to refrain from continued

advertising of the Product that omits material facts about product performance, injunctive relief

forcing Defendant to replace and repair all Product at issue for Class Members, plus costs and

attorneys' fees pursuant to California Civil Code § 1780(e).

### SECOND CAUSE OF ACTION
**(Violation of California Unfair Competition Law- Unlawful Business Practice)**

58.     Plaintiff incorporates by reference the allegations contained in all preceding

paragraphs of this Complaint.

59.     California Business and Professions Code §17200 *et seq*. prohibits acts of unfair

competition, which includes unlawful business practices.

60.     Defendant engaged in unlawful business practices in that omitted to disclose that

the Product fails prematurely.

61.     Defendant's deceptive practices constitute an unlawful business practice in that

the practices were specifically designed to induce Plaintiff, Class Members, and their agents or

third parties upon whom Plaintiff and Class Members' relied to provide appropriate guidance

regarding suitable flooring products, to purchase on Class Members' behalf the Product and

install the Product, recommend the use of the Product, or to purchase homes and other

structures in which the Product has been installed.

62.     To this day, Defendant has engaged and continues to engage in unlawful

business practices by concealing the defective nature of the Product and have knowingly

misrepresented to Class Members the Product possess qualities and characteristics it does not

have.

63.     As a direct and proximate cause of Defendant's unfair and unlawful methods of

competition and unfair, deceptive or unlawful acts or practices, Plaintiff and Class Members

have suffered actual damages in that they own homes and other structures on which defective

Product is or was installed.  The Product has failed and will continue to prematurely fail due to

its poor design, poor manufacture, and unsuitability for its intended purpose, which will require

1  (or has already required) Plaintiff and Class Members to incur costs to prematurely repair

2  and/or replace their floorings.

3        64.    As a proximate result of their unlawful, unfair, or fraudulent practices,

4  Defendant has been unjustly enriched and should be required to make restitution to the Plaintiff

5  and Class Members pursuant to §§ 17203 and 17204 of the California Business & Professions

6  Code.

7        WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, demands

8  judgment against Defendant, and each of them, for restitution and/or disgorgement of funds

9  paid to Defendant by Plaintiff and Class Members to purchase the Product, or the value of the

10  product in their home or structure, or in the form of repair and/or replacement of the defective

11  Product on the Class Members' homes and other structures.

12  **THIRD CAUSE OF ACTION**

13  **(Violation of Unfair Competition Law – Unfair Business Practice)**

14        65.    Plaintiff incorporates by reference the allegations contained in all preceding

15  paragraphs of this complaint.

16        66.    Defendant engaged in an unfair business practice by knowingly failing to

17  disclose material facts concerning the Product.

18        67.    Defendant's "unfair" practices were designed to induce Plaintiff and Class

19  Members, or their agents, and/or third parties upon whom Plaintiff and Class Members relied to

20  provide appropriate flooring products, to purchase and install the Product, recommend the use

21  of the Product, or to purchase homes and other structures on which the Product has been

22  installed.

23        68.    To this day, Defendant has failed to disclose facts concerning the Product

24  performance, facts that would be and are material to the consumer or those third parties, such as

25  flooring contractors and general contractors, on whom the consumer relies.

26        69.    As a direct and proximate cause of Defendant's unfair methods of competition

27  and unfair or deceptive acts or practices, Plaintiff and Class Members have suffered actual

CLASS ACTION COMPLAINT

damages in that they own homes and other structures in which defective Product is or was installed.  The Product will prematurely fail due to inadequate product testing, poor design and/or manufacturing techniques, and poor installation guidelines, which will require Plaintiff and Class Members to incur costs to prematurely repair and/or replace their flooring.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court enter judgment against Defendant, and each of them, and in favor of Plaintiff, and to award the following relief:

1.      Certification of a national class consistent with the class definitions and appointment of Plaintiff as class representative;

2.      Appointment of the undersigned as counsel for the proposed Class;

3.      A declaration that Defendant's actions violate the state consumer protection statutes of California;

4.      A declaration that Defendant is financially responsible for notifying all Class Members;

5.      Injunctive relief requiring Defendant to replace and/or repair all Products installed in structures owned by the Class;

6.      A declaration that Defendant must disgorge, for the benefit of the Class, all or part of its ill-gotten profits received from the sale of defective Product, and/or to make full restitution to Plaintiff and the Class Members;

7.      An award of costs and attorneys' fees, as allowed by law, and/or from a common fund created hereby;

8.      Leave to amend to conform to the evidence presented at trial; and

9.      Orders granting such other and further relief as may be appropriate.

\\\

\\\

\\\

\\\

**JURY TRIAL DEMAND**

Plaintiff hereby demands a jury trial for all individual and Class claims so triable.

RESPECTFULLY SUBMITTED AND DATED this 9th day of August, 2019.

ROBINS KAPLAN LLP

By:    /s/Michael F. Ram
Michael F. Ram (SBN 104805)
mram@robinskaplan.com
Marie N. Appel (SBN 187483)
mappel@robinskaplan.com
ROBINS KAPLAN LLP
2440 W El Camino Real, Suite 100
Mountain View, CA  94040
Telephone: (650) 784-4040

Jeffrey B. Cereghino (SBN 099480)
jbc@cereghinolaw.com
CEREGHINO LAW GROUP
101 Montgomery Street, Suite 1800
San Francisco, California  94104
Telephone: (415) 433-4949

Charles J. LaDuca (Pro Hac Vice to be submitted)
charles@cuneolaw.com
Brendan Thompson (Pro Hac Vice to be submitted)
brendant@cuneolaw.com
CUNEO GILBERT & LaDUCA, LLP
4725 Wisconsin Avenue, NW, Suite 200
Washington, DC 20016
Telephone:  (202) 789-3960

Samuel J. Strauss (Pro Hac Vice to be submitted)
sam@turkestrauss.com
TURKE STRAUSS, LLP
936 N 34th Street, Suite 300
Seattle, WA 98103
Telephone: (608) 237-1775

*Attorneys for Plaintiff and the Class*